[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In CV 93-0353411 (Item #129) the court granted the "Motion to CT Page 837 Bifurcate Trial" addressing related and consolidated cases involving numerous parties and files.
The court's order dated April 15, 1997 stated "that there be a trial of and verdict upon liability and operation issue prior to the trial and verdict upon the damage issue in these cases."
The court heard all witnesses presented under direct and cross examination. All attorneys of record were in attendance during the presentation of evidence.
The court informed all attorneys and parties that a decision would not be rendered until a completed transcript was provided to the court. That transcript was delivered December 23, 1997. All attorneys agreed to waive the statutory 120 day period pending completion of the transcript.
Two distinct issues are present for determining (1) liability and (2) who was operating the Buick, Conn. Registration 453 HRH.
(1)
Section 52-572h mandates procedure in "causes of action based on negligence."
(2)
The issue of who was operating the Buick must be founded on "evidential underpinnings" in the record.
(3)
On August 14, 1993, Forbes Avenue ran in a westerly direction toward New Haven and West Haven. Fulton Street ran in a northerly direction away from the New Haven waterfront. There was an operating overhead traffic control signal functioning in the intersection. There was an area of highway construction in the intersection and adjacent area. Exhibit 8 (35-34-11), dated August 18, 1993, depicts the northeast corner of the intersection and the southeast corner of the intersection.
The police and ambulance reports record the accident as on August 14, 1993, Saturday, at 1723 military time.
An operator of a motor vehicle proceeding in a westerly CT Page 838 direction on Forbes Avenue, keeping a reasonable and proper lookout and keeping his car under proper control, had an unobstructed open view of the westbound lane and intersection. An operator of a motor vehicle proceeding in a northerly direction on Fulton Street had a clear and adequate view of the intersection that indicated caution under the circumstances then and there existing. (Exhibit 8 is dated August 18, 1993). An evidential underpinning cannot be made on a guess or surmise. The "evidential underpinning" (Exhibit 8) depicts that the construction, area on Forbes Avenue to the east and west of Fulton Street mandated caution, keeping vehicles under proper and reasonable control, and keeping a reasonable and proper lookout. The speed limit in that area was twenty-five miles per hour and failure to obey that factor is common law and statutory negligence. The damage depicted in the photographs proves excessive speed by the Buick.
The car operating westerly on Forbes Avenue was a `93 Buick, Conn. Registration 453 MRH. The police accident report identifies the owner as Budget Rental of 323 George Street. Parts of the vehicle damaged — "Front Left-Right Rear." Other than involved vehicles — "Signal control pole and box." There are five photos in evidence taken post-accident that show extensive physical damage. "Named operator. Eric Logan denies operation." The person found in a ditch denies operation of the vehicle at the time of the collision and/or any knowledge of the accident.
This man, Kenneth Pasco, is a named defendant in two of these files and a plaintiff in our file. Pasco denies operating the Buick at the time of the accident. He admits operation earlier that morning. Robert Taylor was operating a Blazer, owned by Rob's Cleaning Service, Conn. Registration 973CTP5/D BLBL, 2-door sedan, in a northerly direction on Fulton Street, stopped for the stop light, entered the intersection and broadsided the Buick. The Blazer was damaged. The front bumper caught the Buick's left side causing extensive body damage and damage to the traffic control box and pole. The force of the impact spun the Blazer around so that it faced south.
The Buick's damage as depicted in the five photographs in evidence provide "evidential underpinnings" that it was being operated at an unreasonable, unsafe and excessive speed. The entire right side, right windshield, right front end and hood support the conclusion of a violent impact. The driver's side and buckled trunk damage, plus the passenger side damaged windshield CT Page 839 (in 3 photos), are salient evidence of a violent and forceful impact. The two remaining exhibits of the Buick's right side and rear support the same conclusions founded on "evidential underpinnings."
Reference to the alleged classification of the alleged skin found embodied in the shattered windshield fails to provide an "evidential underpinning" to identify the passenger or driver of the Buick. The court saw both Logan and Pasco in court and cannot find as a fact the source of that skin on which to predicate a finding as to who was the passenger.
The court finds that the evidence supports a finding the Buick operator violated § 14-218a "traveling unreasonably fast", failed to keep the vehicle under reasonable and proper control and failed to keep a reasonable and proper lookout.
The court finds that the evidence supports a finding that the operator of the Blazer failed to keep his vehicle under reasonable and proper control and failed to keep a reasonable and proper lookout.
The next issue for decision is to decide who was the operator of the Buick. Pasco, Logan and several other people attended a family birthday party that morning. They enjoyed music, food and good fellowship. Pasco and Logan eventually left the party. They visited a nearby neighborhood (Gilbert Avenue) briefly. Mr. Pasco remembers driving in the area of Orchard Street and Gilbert Avenue. He claims to have absolutely no memory of subsequent events until he regained his awareness of his surroundings at Yale New Haven Hospital.
Mr. Pasco admits to operating the Buick after he took possession from the brother of his girlfriend who is the mother of his daughter. Eric Logan was with Mr. Pasco in the Buick as a passenger.
The Buick covered the area from Orchard Street to Grand Avenue, Fair Haven, Ferry Street Bridge, and the Farren Avenue area. They stopped again in that neighborhood briefly. Pasco and Logan then proceeded westerly on Forbes Avenue. At the intersection of Fulton Street this collision happened.
Pasco was found in a ditch outside of and away from the Buick. Logan was also found outside of and away from the Buick. CT Page 840 Pasco denies being the operator after Orchard Street. Logan denies being the operator at any time. Both were seriously injured.
There was no evidence identifying the operator after Orchard Street. The brief stops at Gilbert Avenue and the Farren Avenue neighborhoods resulted in no evidential underpinnings. Both Pasco and Logan made it clear and convincing in their testimony that these stops were made and were brief.
Two witnesses testified on Pasco's behalf that they visited Logan's room at Yale New Haven Hospital and heard Logan state in the presence of his mother that he was the driver of the Buick. These two witnesses claim they went to Logan's room to get the police report "to see what happened." They never received the police report. The alleged admission by Logan in front of these witnesses seeking the police report in the hospital room of an injured man escalated in the statement in evidence, taken for and on behalf of Pasco (Exhibit A, #35-34-11). Logan and his mother deny Loan made such an admission.
This procedure on behalf of Mr. Pasco implies and suggests an attempt to provide "evidential underpinnings" on which to conclude Logan was the driver. This it fails, by far, to provide.
The court concludes that Mr. Pasco was the operator of the Buick based on his own admission. His attempt to evade and avoid legal responsibility for his operation by presenting his convenient recollection of events provides no such factual underpinning.
CONCLUSION
The court finds Mr. Pasco to be the operator of the Buick, that he failed to keep a reasonable and proper lookout, failed to keep the Buick under reasonable and proper control and operated the Buick at a speed greater than reasonable in violation of § 14-218a C.G.S. Such operation constituted 90% of the negligence involved. Mr. Taylor, the operator of the Blazer, failed to keep a reasonable and proper lookout and failed to keep the Blazer under reasonable and proper control. Such operation constitutes 10% of the negligence involved. See § 52-572h, et seq.
John N. Reynolds CT Page 841 Judge Trial Referee